**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25020-CIV-DAMIAN**

**JORGE HERNANDEZ RODRIGUEZ**,

Petitioner,

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY,**

Respondent.
_________________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before this Court on Petitioner, Jorge Hernandez Rodriguez's ("Petitioner"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed July 24, 2026. On August 5, 2026, this Court entered an Order to Show Cause [ECF No. 5]. Respondent filed its Response to the Order to Show Cause (the "Response") [ECF No. 7] on August 13, 2026. Petitioner did not file a Reply.

THE COURT has reviewed the Petition and relevant submissions, relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. Response at 1; [ECF No. 7-1 at 1–2]. An Immigration Judge ordered Petitioner removed from the United States on October 18, 1993. Response at 2; [ECF No. 7-2 ¶ 10]. Petitioner did not appeal that decision, and his order of removal became administratively final. Response at 2.

Petitioner has been taken into immigration custody and subsequently released under orders of supervision on multiple occasions. Petitioner was detained by immigration officials

from April 3, 2012, until July 3, 2012, when he was released under an Order of Supervision. Response at 4; [ECF No. 7-2 ¶ 24; ECF No. 7-5 at 2]. Petitioner was again taken into immigration custody on January 23, 2018, and released under an Order of Supervision on March 29, 2018. Response at 5; [ECF No. 7-2 ¶¶ 26–27; ECF No. 7-5 at 1–2].

On March 2, 2026, immigration officials again took Petitioner into custody. Response at 5; [ECF No. 7-2 ¶ 30; ECF No. 7-5 at 1]. That same day, ICE conducted an informal interview and revoked Petitioner's Order of Supervision based on its determination that Petitioner had violated a condition of his release. Response at 5; [ECF No. 7-2 ¶¶ 31–32; ECF No. 7-8]. Petitioner has remained in immigration custody since that date. Response at 5–6; [ECF No. 7-5 at 1].

On April 12, 2026, immigration officials served Petitioner with notice of their intent to remove him to Mexico, which Petitioner refused to sign. Response at 5; [ECF No. 7-2 ¶ 33; ECF No. 7-9]. Thereafter, immigration officials issued Petitioner warnings concerning his obligation to assist in his removal, including warnings dated May 1 and July 16, 2026. Response at 5–6; [ECF No. 7-2 ¶¶ 34–35; ECF Nos. 7-10, 7-12]. On July 16, 2026, ICE also issued Petitioner a Notice of File Custody Review. Response at 6; [ECF No. 7-2 ¶ 35; ECF No. 7-11].

On July 24, 2026, Petitioner initiated this action by filing the Petition pursuant to 28 U.S.C. § 2241. *See generally* Petition. Petitioner challenges his continued detention and seeks release from immigration custody. *Id.* Among other things, Petitioner contends that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed in the reasonably foreseeable future. *Id.* Petitioner relies principally on the length of his detention, including his prior periods of immigration detention, and the difficulties associated with effectuating removal to Cuba. *Id.*

In the Response, Respondent contends that Petitioner's current detention is lawful under 8 U.S.C. § 1231 and that his *Zadvydas* claim is premature because Petitioner had been detained for less than six months when he filed the Petition. Response at 6–10. Respondent further contends that Petitioner's prior, completed periods of immigration detention should not be aggregated with his current detention for purposes of the six-month period recognized in *Zadvydas*. *Id.* at 10–11. Respondent also points to ICE's efforts to remove Petitioner to Mexico and contends that Petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 11.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. *See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas*, 533 U.S. at 687.

## III. DISCUSSION

Upon review of the Petition and relevant subsequent filings, this Court finds the Petition is due to be dismissed for the following reasons.

An alien's removal period starts on the latest of the following:

> (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B). Moreover, "Congress mandates that the Attorney General '*shall* detain [an] alien' who has been ordered removed from the United States 'within a period of 90 days.'"

*Phadael v. Ripa*, No. 24-CV-22227, 2024 WL 3088350, at *2 (S.D. Fla. June 21, 2024) (Altman, J.) (quoting 8 U.S.C. § 1231(a)(1), (2) (emphasis added in *Phadael*)). Given that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," United States Supreme Court precedent holds "that the Government must 'limit [ ] an alien's post-removal detention to a period reasonably necessary to bring about that alien's removal from the United States.'" *Phadael*, 2024 WL 3088350, at *2 (quoting *Zadvydas*, 533 U.S. at 689–90). The *Zadvydas* Court reasoned that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. 533 U.S. at 701 (concluding that "for the sake of uniform administration in the federal courts, we recognize that [six-month] period.").

Six months, however, is a "guidepost" for the lower courts to follow. *Phadael*, 2024 WL 3088350, at *2. Indeed, "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, "[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). It then falls on the alien to present that the Government has the right to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner's present period of immigration detention began on March 2, 2026. Response at 5; [ECF No. 7-2 ¶ 30; ECF No. 7-5 at 1]. Petitioner filed the Petition on July 24, 2026, less than five months later. Petition at 1. Thus, at the time Petitioner initiated this action, the six-month presumptively reasonable period recognized in *Zadvydas* had not expired.

Although Petitioner was previously detained from April 3 through July 3, 2012, and again from January 23 through March 29, 2018, Response at 4–5; [ECF No. 7-2 ¶¶ 24, 26–27; ECF No. 7-5 at 1–2], each period ended when immigration officials released Petitioner under an Order of Supervision. Response at 4–5; [ECF No. 7-5 at 1–2]. Courts considering similar circumstances have declined to aggregate distinct periods of immigration detention separated by release under an Order of Supervision. *See Barrios v. Ripa*, No. 25-cv-22644-GAYLES, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025); *Meskini v. Att'y Gen. of U. S.* No. 4:14-CV-42-CDL, 2018 WL 1321576, at *4 (M.D. Ga. Mar. 14, 2018) (internal quotation omitted). This Court agrees and finds that for purposes of Petitioner's present *Zadvydas* claim, the relevant period began when ICE returned Petitioner to custody on March 2, 2026. Accordingly, because Petitioner filed this action before six months of his current period of post-removal-order detention had elapsed, his *Zadvydas* claim is premature.

Moreover, even if Petitioner had satisfied the six-month threshold, the present record does not demonstrate a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Although Petitioner principally relies on the difficulties associated with removal to Cuba, ICE is not relying exclusively on removal to Cuba. On April 12, 2026, ICE notified Petitioner of its intent to remove him to Mexico. Response at 5; [ECF No. 7-2 ¶ 33; ECF No. 7-9]. ICE thereafter issued Petitioner warnings concerning his obligation to assist in his removal on May 1 and July 16, 2026. Response at 5–6; [ECF No. 7-2 ¶¶ 34–35; ECF Nos. 7-10, 7-12]. The existence of those ongoing third-country removal efforts further undermines Petitioner's assertion that his removal is not significantly likely in the reasonably foreseeable future.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 31st day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record

Jorge Hernandez Rodriguez, *Pro se*
A# 026067095
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101